ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta

JUN 2 1 2016

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA<br>*v.*<br>BENY MESIKA AND<br>JOHN WESLEY HOUSER, IV | Criminal Indictment<br>No. 1:16-CR-224<br>(UNDER SEAL) |
|---|---|

THE GRAND JURY CHARGES THAT:

**COUNT ONE**
**Conspiracy**
**(21 U.S.C. § 846)**

1. Beginning in at least November 2012, and continuing until at least January 2014, in the Northern District of Georgia and elsewhere, the defendants, BENY MESIKA and JOHN WESLEY HOUSER, IV, together with Joseph De Melo and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree with each other and others to knowingly and intentionally manufacture, distribute, and dispense, and possess with the intent to manufacture, distribute, and dispense, anabolic steroids, which are Schedule III Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(E).

2. The object of the conspiracy was to manufacture, distribute and dispense products labeled and marketed as "dietary supplements" designed to increase muscle mass and strength, which in fact contained anabolic steroids.

Manner and Means of the Conspiracy

The manner and means by which the conspiracy was carried out included, among other things, the following:

3. Defendants MESIKA and HOUSER were the owners and operators of Adrenaline Nutrition Supplements, LLC ("ANS"). ANS operated as a manufacturer and distributor of various purported "dietary supplements," which in fact contained anabolic steroids.

4. For example, ANS, under the direction and control of defendants MESIKA and HOUSER, manufactured products called "Mass Destruction" and "Mutant Plexx," which were marketed as pro-hormone supplements to increase muscle mass and strength. "Mass Destruction" and "Mutant Plexx" both contained anabolic steroids, including Methasterone, a Schedule III Controlled Substance.

5. The use by consumers of products that contained controlled substances, which were manufactured by ANS under the direction and control of defendants MESIKA and HOUSER, resulted in serious bodily injury and death.

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO**
**Distribution of Controlled Substances**
**(21 U.S.C. § 841(a)(1) and (b)(1)(E))**

6. The factual allegations set forth in paragraphs 1 through 5 are re-alleged and incorporated herein by reference.

7. On or about August 9, 2013, in the Northern District of Georgia and elsewhere, the defendants, BENY MESIKA and JOHN WESLEY HOUSER, IV,

aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally manufacture, distribute, and dispense, and possess with the intent to manufacture, distribute, and dispense, a product called "Mass Destruction," a purported dietary supplement, which ingredients included a mixture and substance containing a detectable amount of the anabolic steroid Methasterone, a Schedule III Controlled Substance.

8. The use by consumers of "Mass Destruction" resulted in serious bodily injury and death.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(E), and Title 18, United States Code, Section 2.

**COUNT THREE**
**Introducing Misbranded Drugs into Interstate Commerce**
**(21 U.S.C. §§ 331(a) and 333(a)(2))**

9. The factual allegations set forth in paragraphs 1 through 5 are re-alleged and incorporated herein by reference.

10. On or about August 9, 2013, in the Northern District of Georgia and elsewhere, the defendants BENY MESIKA and JOHN WESLEY HOUSER, IV, aided and abetted by others known and unknown to the Grand Jury, with the intent to defraud and mislead, did introduce and deliver for introduction and cause to be introduced and delivered for introduction into interstate commerce a drug, namely the product "Mass Destruction," which was misbranded within the meaning of Title 21, United States Code, Section 352(a), in that the ingredient Methasterone, an anabolic steroid, was not listed on the drug's labeling, and

misbranded within the meaning of Section 352(f), in that the drug's labeling did not bear: (i) adequate directions for use; (ii) adequate warnings against use in those pathological conditions where its use may be dangerous to health, and (iii) adequate warnings against unsafe dosage, methods, and duration of administration and application, in such manner and form as are necessary for the protection of users.

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.

**COUNT FOUR**
**Distribution of Controlled Substances**
**(21 U.S.C. § 841(a)(1) and (b)(1)(E))**

11. The factual allegations set forth in paragraphs 1 through 5 are re-alleged and incorporated herein by reference.

12. On or about December 6, 2012, in the Northern District of Georgia and elsewhere, the defendants, BENY MESIKA and JOHN WESLEY HOUSER, IV, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally manufacture, distribute, and dispense, and possess with the intent to manufacture, distribute, and dispense, a product called "Mutant Plexx," a purported dietary supplement, which ingredients included a mixture and substance containing a detectable amount of the anabolic steroid Methasterone, a Schedule III Controlled Substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(E), and Title 18, United States Code, Section 2.

**COUNT FIVE**
**Introducing Misbranded Drugs into Interstate Commerce**
**(21 U.S.C. §§ 331(a) and 333(a)(2))**

13. The factual allegations set forth in paragraphs 1 through 5 are re-alleged and incorporated herein by reference.

14. On or about December 6, 2012, in the Northern District of Georgia and elsewhere, the defendants BENY MESIKA and JOHN WESLEY HOUSER, IV, aided and abetted by others known and unknown to the Grand Jury, with the intent to defraud and mislead, did introduce and deliver for introduction and cause to be introduced and delivered for introduction into interstate commerce a drug, namely the product "Mutant Plexx," which was misbranded within the meaning of Title 21, United States Code, Section 352(a), in that the ingredient Methasterone, an anabolic steroid, was not listed on the drug's labeling, and misbranded within the meaning of Section 352(f), in that the drug's labeling did not bear: (i) adequate directions for use; (ii) adequate warnings against use in those pathological conditions where its use may be dangerous to health, and (iii) adequate warnings against unsafe dosage, methods, and duration of administration and application, in such manner and form as are necessary for the protection of users.

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.

**COUNTS SIX THROUGH TWELVE**
Money Laundering
(18 U.S.C. § 1957(a))

15. The factual allegations set forth in paragraphs 1 through 5 are re-alleged and incorporated herein by reference.

16. On or about the dates set forth below, the defendants, BENY MESIKA and JOHN WESLEY HOUSER, IV, aided and abetted by others known and unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, did knowingly engage and attempt to engage in monetary transactions affecting interstate commerce, as described below, each transaction involving criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, the knowing and intentional manufacture, distribution, and dispensement, and possession with the intent to manufacture, distribute, and dispense, a controlled substance, in violation of Title 21, United States Code Sections 841(a)(1), each transaction constituting a separate count as set forth below:

| Count | Approx. Date | Monetary Transaction |
|---|---|---|
| 6 | 6/24/2013 | Check #2253 issued from Signature Bank Account to defendant MESIKA for $17,000.00 |
| 7 | 7/09/2013 | Check #2278 issued from Signature Bank Account to defendant MESIKA for $40,000.00 |
| 8 | 7/16/2013 | Check #2286 issued from Signature Bank Account to defendant MESIKA for $17,000.00 |

| | | |
|---|---|---|
| 9 | 7/16/2013 | Check #2287 issued from Signature Bank Account to defendant HOUSER for $17,000.00 |
| 10 | 8/6/2013 | Check #2316 issued from Signature Bank Account to defendant HOUSER for $25,000.00 |
| 11 | 8/13/2013 | Check # 2323 issued from Signature Bank Account to defendant MESIKA for $40,000.00 |
| 12 | 9/16/2013 | Check #2348 issued from Signature Bank Account to defendant HOUSER for $40,000.00 |

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

**Forfeiture**

17. As a result of committing one or more of the offenses alleged in Counts One, Two and Four of this Indictment, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(E), the defendants, BENY MESIKA and JOHN WESLEY HOUSER, IV, shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations, pursuant to Title 21, United States Code, Section 853, including, but not limited to, the following:

A. MONEY JUDGMENT: A sum of money equal to the total amount of money involved in each offense for which the defendant is convicted.

18. In addition, as a result of committing one or more of the money laundering offenses alleged in Counts Six through Twelve of this Indictment, in violation of Title 18, United States Code, Section 1957, the defendants, BENY MESIKA and JOHN WESLEY HOUSER, IV, shall forfeit to the United States any and all property, real or personal, involved in such offenses and all property traceable to such offenses, pursuant to Title 18, United States Code, Section 982(a)(1), including, but not limited to, the following:

A. MONEY JUDGMENT: A sum of money equal to the total amount of money involved in each offense for which the defendant is convicted.

19. If, as a result of any act or omission of defendants MESIKA or HOUSER, property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred to, sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property, which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to

seek forfeiture of any other property of defendants MESIKA and HOUSER, up to the value of the forfeitable property described above.

A TRUE BILL

FOREPERSON

JOHN A. HORN
*United States Attorney*

STEVEN D. GRIMBERG
*Assistant United States Attorney*
Georgia Bar No. 312144

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181